IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VICKIE K. PREWETT, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:00cv1674-MEF |
| | ) | WO |
| STATE OF ALABAMA | ) | |
| DEPARTMENT OF | ) | |
| VETERANS' AFFAIRS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER ON MOTION</u>**

Upon consideration of defendants' joint motion to compel discovery and motion for sanctions (Doc. # 145), filed June 26, 2006, and for good cause, it is

ORDERED that the motion to compel be and hereby is GRANTED to the extent that on or before July 18, 2006, plaintiffs shall serve upon counsel for the defendants full and complete responses to the discovery requested pursuant to Fed.R.Civ.P. 33(b)(4), as good cause has not been shown by plaintiffs for their failure to object in a timely manner.[1] See <u>Alexander v. Certegy Check Services, Inc.</u>, 2006 WL 1515841, *1 (M.D.Ala. 2006); see also <u>Dorrough v. Mullikin</u>, 563 F.2d 187, 191 (5th Cir. 1977) ("Failure to object waives any available objection and the interrogatory must be answered fully."); Section I-G of the Middle District of Alabama Guidelines to Civil Discovery ("The Federal Rules of Civil

---

[1] Plaintiffs' tax returns, which may take longer to produce, shall be turned over by the deadline set out above or as soon thereafter as they may reasonably be obtained upon the exercise of due diligence.

Procedure set out explicit time limits for responses to discovery requests. Those are the dates by which a lawyer should answer; he should not await a court order. If a lawyer cannot answer on time, he should move for an extension of time in which to answer, and inform opposing counsel so that in the meantime no motion to compel a response will be filed.").[2] Counsel are DIRECTED to confer concerning the most efficient means for the production of tax returns which, because of their sensitive nature, may be redacted by plaintiffs to disclose only information concerning outside employment.  It is further

    ORDERED that the motion for discovery sanctions is DENIED at this time.

    DONE, this 7th day of July, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[2] The requirement of timely objection set out in Fed. R. Civ. P. 36(b)(4) has generally been applied not only to interrogatories, but also to requests for production. See, e.g., Alexander, 2006 WL 1515841 at *1;  United States v. Kahn, 2005 WL 3801810, *1 (M.D.Fla. 2005); United States ex rel. Kaimowitz v. Ansley, 2005 WL 2219384, *1, n. 1(M.D.Fla. 2005); Crespo v. Sky Chefs, Inc., 2003 WL 22466213, *11 (S.D.Fla. 2003).